IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVITA DRUGS, LLC and PHARMBLUE SERVICES, INC. and PHARMBLUE, LLC, | ) ) ) Case No.: 2:21-cv-01000-WSH |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SAMANTHA POSSERT, GABRIEL SANTRY, and WESTIN SMITH, | ) ) ) |
| Defendants, | ) ) ) |

**DEFENDANT WESTIN SMITH'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Westin Smith ("Smith"), by and through his undersigned counsel, Buchanan Ingersoll & Rooney PC, moves to dismiss the Second Amended Complaint (ECF 49) filed by Avita Drugs, LLC, ("Avita") PharmBlue Services, Inc. ("PharmBlue Services") and PharmBlue, LLC, ("PharmBlue") and asserts the following grounds for dismissal:

1. **No Subject Matter Jurisdiction:** Plaintiffs fail to allege sufficient facts for their only federal claim. As no trade secrets have been properly alleged to have been misappropriated, subject matter jurisdiction is lacking.

2. **No Standing as to Breach of Contract Claim**: None of the Plaintiffs have standing to enforce the employment agreement because (i) Smith was never employed by Avita; (ii) PharmBlue lacked a both a contractual right and Smith's consent to assign the employment agreement to PharmBlue Services; and, (iii) Plaintiffs fail to allege that PharmBlue has a legitimate interest in the employment agreement. Further, PharmBlue fails to state a claim because the term

1

in the employment agreement expired prior to any alleged conduct of Smith giving rise to Plaintiffs' claims in the Second Amended Complaint.

3.      **The Gist of the Action Bars Tortious Interference and Aiding and Abetting Breach of Fiduciary Duty Claims:** Plaintiffs allege a tortious interference claim and an aiding and abetting claim regarding Possert's breach of fiduciary duty. Plaintiffs' tort claims should be dismissed because they sound purely in contract. The purported tort duties all arise under the agreements, regardless of their enforceability, and are therefore barred by the gist of the action doctrine.

4.      **Plaintiffs Fail to Allege Harm as a Result of the Alleged Tortious Interference and Commercial Disparagement Claim:** Plaintiffs further fail to state a claim of tortious interference and commercial disparagement against Smith because they only plead conclusory allegations. The only facts alleged, even if taken as true, fail to state a claim.

WHEREFORE, Defendant Smith respectfully requests that the Court grant this Motion and dismiss Plaintiffs' Complaint in its entirety, with prejudice. A proposed order is attached hereto.

Date: October 15, 2021

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Jaime S. Tuite*
Jaime S. Tuite
PA Bar No. 87566
(jaime.tuite@bipc.com)
Sydney Rochelle Normil
PA Bar No. 320989
(sydney.normil@bipc.com)
Vanessa Wilson
PA Bar No. 308344

(vanessa.wilson@bipc.com)

Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
Phone:  412-562-8800
Fax:  412-562-1041

*Attorneys for Defendants Gabriel Santry and Westin Smith*